UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.10-81202-CIV-MARRA

CESAR JAPHET, an individual,

    Plaintiff,

vs.

VARONA CORP., a Florida
corporation, d/b/a AMERICAN
SECURITY ASSOCIATES, INC., and
ANTHONY VARONA, individually,

    Defendants.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Amended Complaint and for the Court to Convert the Motion to Dismiss Into a Motion for Summary Judgment [DE 12].  The Court has carefully considered the relevant filings and is otherwise fully advised in the premises.

Plaintiff's Amended Complaint alleges violations of the Fair Labor Standards Act ("FLSA") against Defendants for failure to pay overtime wages.  29 U.S.C. § 201 et seq.  DE 10.  Defendants move to dismiss the Complaint and at the same time request that the motion to dismiss be converted into a motion for summary judgment, claiming there is no subject matter jurisdiction due to the lack of enterprise

coverage[1] under the FLSA.  In support of this position, Defendants have not attached an affidavit or any extrinsic evidence, but merely state that if the Court converts the motion, they will file tax returns under seal that will demonstrate that the corporate defendant's gross sales volume is not in excess of $500,000.  DE 12 at 5.

In response, Plaintiff's counsel states that he communicated to Defendants that he would voluntarily dismiss the complaint if they showed him evidence that the corporate defendant did not meet the $500,000 annual gross volume of sales made threshold.  Plaintiff states that in response, he received two IRS forms from the corporate defendant, a Form W-3 and Form 944.  Plaintiff states they were insufficient as neither showed the amount of the corporate defendant's gross sales or business income.  Plaintiff also argues that even if enterprise coverage is not available, the Amended Complaint should not be dismissed because Plaintiff has also pled individual coverage under the FLSA.

Looking at the four corners of the complaint, Plaintiff has alleged sufficient facts to state claims for both enterprise and individual coverage under the FLSA.  Defendants are seeking to have the Court convert their motion to dismiss into a motion for summary judgment on the basis that enterprise coverage does not exist.

---

[1] Under the FLSA, an enterprise is engaged in commerce if it: (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and (2) has gross sales or business of at least $500,000, exclusive of excise taxes at the retail level that are separately stated.  29 U.S.C. § 203(s)(1)(A).

The Court, however, cannot resolve a motion for summary judgment at this early stage of the proceeding.  First, Defendants have presented no evidence in support of their proposed motion for summary judgment, only a representation that they will do so if the Court will convert the dismissal motion into a summary judgment motion.  Second, Defendants have not asserted that at this time they can establish, as a matter of law, that individual coverage does not exist.  So, even if Defendants are successful in eliminating enterprise coverage as a basis for liability, the case would have to proceed on the claim of individual coverage.

Moreover, in ruling on summary judgment motions, the Eleventh Circuit has held that "summary judgment may only be decided upon an adequate record."  <u>WSB-TV v. Lee</u>, 842 F.2d 1266, 1269 (11th Cir. 1988).  Plaintiff should be allowed to conduct adequate discovery to garner evidence, if it exists, to support enterprise and/or individual liability of Defendants.  The Court notes that the scheduling order in this case was only recently entered and discovery has just commenced.  For these reasons, Defendants' Motion to convert is denied.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Amended Complaint is **DENIED** and Defendants' Motion for the Court to Convert the Motion to

Dismiss Into a Motion for Summary Judgment is **DENIED**. [DE 12].

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of April, 2011.

_____
KENNETH A. MARRA
United States District Judge

Copies to: All counsel of record